# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00499-CV

---

**Robert Brown, III, Appellant**

**v.**

**The City of Austin, Appellee**

---

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-002934, THE HONORABLE JESSICA MANGRUM, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Robert Brown III appeals the trial court's judgment dismissing his suit against the City of Austin. *See* Tex. Civ. Prac. & Rem. Code §§ 14.002–.003 (providing procedures for dismissing certain claims brought by inmates). We affirm.

Brown initiated this suit with both a document titled, "Request Under the Freedom Public Information Act Under the Gov[']t Code [Sections] 552.021, 552.023 & 552.108," and an associated motion for in camera inspection of certain documents under Family Code section 261.201, which provides for confidentiality of material relating to reports and investigations of abuse or neglect of children and procedures for disclosing such material. He seeks from the City certain police investigative reports and notes related to cases from 2003 and 2004. He has unsuccessfully sought the same or similar documents before. *See, e.g.*, *Brown v. City of Austin*, No. 03-19-00035-CV, 2019 WL 4068559, at *1–3 (Tex. App.—Austin Aug. 29, 2019, no pet.) (mem. op.). During a hearing before the trial court in this suit, Brown asserted that

the documents are needed to overturn his convictions from many years ago for several counts of indecency with a child. *See generally Brown v. State*, No. 03-06-00526-CR, 2007 WL 2214591 (Tex. App.—Austin Aug. 1, 2007, pet. ref'd) (mem. op., not designated for publication), *habeas corpus denied without written order*, No. WR-71,460-02 (Tex. Crim. App. May 6, 2009), *habeas corpus dismissed without written order*, No. WR-71,460-04 (Tex. Crim. App. Apr. 15, 2015).

We review a dismissal order under Civil Practice and Remedies Code section 14.003 for an abuse of discretion. *Brown*, 2019 WL 4068559, at *1. A trial court abuses its discretion only when its decision is made without reference to guiding rules and principles and is arbitrary or unreasonable. *See id.* A district court may dismiss an inmate's suit if the court finds that it is frivolous. *See* Tex. Civ. Prac. & Rem. Code §§ 14.002, 14.003(a)(2). Brown does not dispute that he is currently an inmate. But he does dispute that his suit is frivolous.

Because Brown is an inmate, the City was not required to accept or comply with Brown's request under the Public Information Act (PIA). *See* Tex. Gov't Code § 552.028(a)(1); *Brown*, 2019 WL 4068559, at *1; *Reger v. Attorney Gen. of Tex.*, No. 03-17-00306-CV, 2017 WL 5559939, at *2 (Tex. App.—Austin Nov. 17, 2017, pet. denied) (mem. op.). There is thus no arguable basis in law for Brown's suit to compel compliance with his PIA request. *See* Tex. Civ. Prac. & Rem. Code § 14.003(b)(3) (court may consider whether suit has no arguable basis in law when deciding whether suit is frivolous); *Brown*, 2019 WL 4068559, at *1 ("[A] governmental body's compliance with an inmate's PIA request is purely discretionary.").

On appeal, Brown raises other arguments for why his request for the documents and motion for in camera inspection are not frivolous. He argues that he has complied with Family Code section 261.201, but as with his previous similar request for documents, he has not shown that he made a request for documents from the Department of Family and Protective Services

(Department), *see* Tex. Fam. Code § 261.201(g), or that he is a "parent, managing conservator, or other legal representative of [a] child" entitled to benefit from the statute, *see id.* § 261.201(k). *See Brown*, 2019 WL 4068559, at *2–3.

Specifically under Section 261.201(b), even when a movant has met the statutory requirements, a court still retains discretion about whether it will order disclosure of the subject information. *See S.C.S. v. Texas Dep't of Fam. & Protective Servs.*, Nos. 02-09-00341-CV, 02-09-00343-CV, 2010 WL 2889664, at *2 (Tex. App.—Fort Worth July 22, 2010, no pet.) (mem. op.). The trial court in its final judgment noted the statutory requirement that a movant under Section 261.201(b) must "serve[] on the investigating agency and all other interested parties" a notice of hearing for the motion. *See* Tex. Fam. Code § 261.201(b)(2). It then noted that even though the City had raised in its motion to dismiss Brown's failure to serve a notice of hearing on any party besides the City, Brown had let seven weeks elapse and had taken "no action in response to the City's motion to dismiss." The City had suggested that the interested parties needing service here include the Department's investigations division and the victim of the counts of indecency with a child for which Brown was convicted. At the hearing before the trial court, Brown asserted that the victim is now an adult. In these circumstances, we agree with the City that the victim amounted to an "interested party" entitled to service of a notice of hearing. *See id.* Because Brown had not served the victim with a notice of hearing of the motion, the trial court was within its discretion to deny the motion for in camera inspection under Section 261.201(b). Brown also told the trial court that he is forbidden from contacting the victim. But be that as it may, the court could exercise its discretion under the statute only after its requirements had been met. Because they were not, irrespective of the reason, Section 261.201(b) cannot serve as the basis for Brown's request for documents or for an in camera inspection.

Brown next argues from Government Code section 552.023 and its "special right of access to confidential information" by people "to whom the information relates." *See* Tex. Gov't Code § 552.023(a)–(b). Presumably, Brown is asserting that the police-report documents relate to him. A person with a special right of access to information may not be denied access to that information "on the grounds that the information is considered confidential by privacy principles," but a governmental entity resisting such a person's PIA request still may deny it under "other provisions of this chapter or other law that are not intended to protect the person's privacy interests." *Id.* § 552.023(b). The City here is not asserting that it is denying Brown's PIA request based on his privacy interests. Rather, it is choosing to deny it under "[an]other provision[] of this chapter," namely Section 552.028(a)(1), which gives the City discretion to deny Brown's request.

Finally, Brown argues from *Pennsylvania v. Ritchie* that he was entitled to a hearing on his request for an in camera inspection. *See generally* 480 U.S. 39 (1987). *Ritchie* concerned a criminal defendant's subpoena—within his criminal prosecution—to a child-protection agency's records concerning the alleged victim. *See id.* at 42–44. By contrast here, this suit is not a criminal prosecution, and Brown has provided no applicable authority other than the PIA for his request for an in camera inspection. Because the PIA lets the City deny his request, we conclude that the trial court need not have held a hearing on his motion. We hold that the trial court did not abuse its discretion by ruling that Brown's suit is frivolous and accordingly dismissing it.

**CONCLUSION**

We affirm the dismissal order.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Affirmed

Filed:   August 31, 2022